**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Edson Toro,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-118S** |
| | : | |
| **Ashbell T. Wall, Director** | : | |
| **Of RI Department of Correction** | : | |
| **Respondent** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

In an order issued May 21, 2008, United States District Court Judge William E. Smith ordered the Attorney General of the State of Rhode Island to respond to Petitioner Toro's "Petition under 28 USC 2254 for Writ of Habeas Corpus by a person in State custody." Accordingly, the State hereby moves to dismiss the petition for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Aaron L. Weisman**

**Aaron L. Weisman, # 4438**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on June 4, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to the following by first-class mail on the same date:

Edson Toro, Pro Se
Post Office Box 8274
Cranston, R.I. 02920.



PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Edson Toro,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-118S** |
| | : | |
| **Ashbell T. Wall, Director** | : | |
| **Of RI Department of Correction** | : | |
| **Respondent** | : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S**
**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

On November 7, 2005, Petitioner pled *nolo contendere* in the Providence County Superior Court to an amended charge of second degree murder, and received a sentence of fifty years' incarceration at the Adult Correctional Institutions, the first twenty-eight of those to serve, the balance suspended for a twenty-two year suspended/probationary period. (Indictment Number P1/1997-3049A.) He later filed a number of motions (motion for "arrest of judgment", motion "to reduce sentence") relevant to this judgment of conviction, which motions were denied by the Superior Court no later than May 5, 2006. (*Criminal Docket Sheet Report* in Case Number P1-1997-3049A.) He subsequently filed, on December 8, 2006, a motion to correct sentence, which motion was granted by the Superior Court on April 19, 2007. Mr. Toro's instant 28 U.S.C. § 2254 action, which appears to principally complain that he is being unlawfully held at the Rhode Island Adult Correctional Institutions notwithstanding the Parole Board's July 11, 2007 parole grant (*Petition* at 6-12), was filed in this Court on March 12, 2008.

From the above chronological travel, it would seem that the instant 28 U.S.C. § 2254 Petition is time barred. As stated above, Mr. Toro pled *nolo contendere* on

PDF created with pdfFactory trial version www.pdffactory.com

November 7, 2005; even granting that the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A)(providing generally that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the *** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") did not begin to run until May 5, 2006, the time by which the various motions filed by Petitioner had been denied by the Superior Court, at least seven months (from May 5, 2006 until December 8, 2006) had run by the time Toro filed his next, December 8, 2006 Sentence-Correction, Motion. That December 8, 2006 Motion was granted by the Superior Court on April 19, 2007. Approximately eleven more months then passed, between that April 19, 2007 date, and the time Petitioner filed the instant 28 U.S.C. § 2254 action in this Court on March 12, 2008. It would therefore seem that Petitioner's instant application is time-barred.

In any event, it would seem that the Petition should be dismissed because Petitioner has failed to "exhaust[] the remedies available [to him] in the courts of the State" (28 U.S.C. § 2254(b)(1)(A)) of Rhode Island. Although Petitioner seems to suggest that the reason he did not raise before the Supreme Court of Rhode Island the issue(s) he has raised in the instant petition is because "[t]he state court has no subject matter jurisdiction to review a parole decision" (***Petition*** at 6), the State would note that Rhode Island's post-conviction relief act is certainly broad enough to embrace a parole-based challenge (***see*** R.I.G.L. § 10-9.1-1(a)(5)("Any person who has been convicted of, or sentenced for, a crime *** and who claims ***[t]hat his or her *** parole [has been] *** unlawfully revoked, or he or she is otherwise unlawfully held in custody or other



PDF created with pdfFactory trial version www.pdffactory.com

restraint *** may institute, without a paying a filing fee, a proceeding under this chapter to secure relief."). ***See also*** DeCiantis v. State, 666 A.2d 410 (R.I. 1995)(resolving an issue concerning parole). Thus, because it would seem that Toro has not exhausted his state remedies, the instant petition should be dismissed.

Finally, the State would respectfully contend that, in any event, the Petition could and should easily be denied on the merits. ***See*** 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Contrary to Toro's suggestion (***Petition*** at 6), the Parole Board on July 11, 2007 did ***not*** order that Toro "immediately" (*id.*) be released; rather, it voted to parole Mr. Toro in August of 2010 to a "Florida Plan" and "contingent upon [his] acceptance through the Interstate Compact" (relevant parole board minutes). Not until August of 2010, then, can Mr. Toro even make out an argument that, pursuant to the Parole Board's July 11, 2007 vote, he is "entitle[d] *** to be released immediately from incarceration to liberty for the remainder of [his] sentence" (***Petition*** at 6).

For these reasons, then, the State hereby moves to dismiss the petition for writ of habeas corpus.



PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Aaron L. Weisman**

**Aaron L. Weisman, # 4438**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on June 4, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to the following by first-class mail on the same date:

Edson Toro, Pro Se
Post Office Box 8274
Cranston, R.I. 02920.



PDF created with pdfFactory trial version www.pdffactory.com