UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Edson Toro
VS
Ashbel T. Wall, etal

CA NO 08-118S

MOTION FOR INJUNCTION

Now comes the petitioner Edson Toro pro-se and Respectfully Requests this Honorable Court for an Injunction Against the defendants/Respondents for unlawful Restraint of Liberty pursuant to Law and the Constitution. Pursuant to (b)(2) Rule 65 of Federal Rules of civil Procedure.

Wherefore the petitioner Edson Toro Requests an ORDER for said Injunction as soon as possible to present oral argument in support of Accompanying Memorandum of Law to support petitioners Release.

Dated 5-28-2008

Respectfully,
Edson Toro

Certification

I Edson Toro do hereby certify that I mailed a true copy of said Motion for Injunction by U.S. mail postage pre-paid to Attorney Patrick C. Lynch on 5-28-2008 to Office of Attorney General 150 South Main St Prov, RI 02903 Edson Toro

UNITED STATES DISTRICT COURT
FOR THE DISTRICT of RHODE ISLAND

DISTRICT COURT OF RI
SIXTH DIVISION
FILED
JUN - 3 2008
LORRAINE A. ALFONSO
CLERK

Edson Toro petitioner
vs
Ashbel T. Wall, Respondent

C.A. NO 08-118 S

## Memorandum of Law For Injunction

Now comes the petitioner Edson Toro pro-se and submitts to this Honorable Court His memorandum of Law in support for an Injunction Against the Respondents/Defendants.

And States here in in support there of;

On July 11, 2007 the petitioner was seen by the Rhode Island parole board. At which time by a majority vote of the board in Accordance with R.I.G.L. 13-8-9 in the affirmative voted to grant the petitioner Toro parole. Petitioner's parole is to be transferred to the STATE of Florida where he will Reside. However the Release date is said to be August of 2010. This is in clear violation of Law the very same statute R.I.G.L 13-8-9 which States that after a majority vote in the Affirmative for a parole permit .,, "The permit shall entitle the prisoner to whom it is issued to be at liberty during the remainder

of his or her term of sentence upon any terms and conditions that the board may prescribe."

Again in R.I.G.L 13-8-16 Terms of parole "(2) Every permit issued by the parole board under this chapter shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he or she is under sentence to serve,"

To buttress the fact that the clear legislative intent implied in the Black Letter of the Law is an immediate Release. One could verify this in R.I.G.L 13-8-18 Revocation of parole Hearing "... If the board shall determine that the permit shall not be Revoked, then the board shall immediately order the prisoner to be set at liberty under the terms and conditions of his or her original permit."

This violation triggers a violation of the petitioners Rights under the Constitution.

In Petrarca v. State of R.I (D.R.I 1984) 583 F.Supp 297 It has been well established that THE COURT Recognizes a liberty interest in the R.I Parole Scheme. The Rhode Island Courts have Recognized this as well in Bishop v. State 667 A.2d 275 (R.I 1995)

In Petrarca the court applied the U.S. Supreme Courts Ruling in Greenholtz at 11-12 99 S.Ct at 2106 "that the structure of the provision together with the use of the word "shall" binds the board of parole to Release

An inmate,,, The court in Petrarca found that the mandates of Greenholtz does apply in Rhode Island "This conclusion on the basis of this complaint however should not be seen to derogate the fact that since § 13-8-14.1 now creates a cognizable liberty interest, the mandates of Greenholtz would now apply to Parole in Rhode Island.

The petitioner therefore would submit that the standing he has on this issue is even greater than in Petrarca. In that he has overcome the issue of eligibility and has in fact been approved for parole by a majority vote of the R.I Parole Board. Therefore the Liberty interest is there in a concrete form in that the provisions and language "shall" as used in R.I. G L § 13-8-9 and 13-8-16 entitles the prisoner to be at liberty for the remainder of said sentence from the time of approval of parole by the board.

Wherefore the petitioner has a right to be at liberty and is presently being denied that right by continously being held in prison unlawfully pursuant to statute and the constitution.

Wherefore petitioner prays that this Honorably court grant his motion for an injunction.

Petitioner would seek a hearing on this motion to be ordered Released.

DATED 5-28-2008 Respectfully submitted

Edson Toro

Verification

I Edson Toro the undersighned do solemnly swear under oath under the penalty of perjury to the best of my ability that the aforegoing is true.

Edson Toro

Certification

I Edson Toro do certify that I mailed a true copy of Motion and Memorandum of Law for an Injunction to Patrick C. Lynch office of Attorney General at 150 South Main St, Prov, RI 02903 by U.S mail first class postage prepaid on 5-28-2008

Edson Toro