UNITED STATES DISTRICT COURT
FOR THE DISTRICT of RHODE ISLAND

Edson Toro, petitioner

V

CA No 08-118S

Ashbel T. Wall, Director
of R.I. Dept of Correction
Respondent

Petitioner's Objection to Respondents Motion TO Dismiss Petition For Writ of Habeas Corpus.

Now comes the petitioner Edson Toro pro-se and objects to the Respondents Motion to dismiss pursuant to Federal Rules of procedure

The petitioner given Reasons are set forth in the accompanying memorandum.

Respectfully submitted,

Dated 6-9-2008

[signature]

Certification

I Edson Toro do hereby certify that I mailed the within objection on 6-9-2008 to Aaron L. Weisman First Class postage pre-paid U.S Mail to the office of the Attorney General at 150 South Main St, Prov, R.I. 02903.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Edson Toro, petitioner
V.
Ashbel T. Wall, Director
of R I Dept of corrections
Respondent

CA NO 08-118 S

MEMORAND IN SUPPORT OF PETITIONERS OBJECTION TO THE RESPONDENTS MOTION TO DISMISS

Now comes the petitioner Edson Toro pro-se and states here in the following in support of his objection and to deny the respondents MOTION TO DISMISS;

(1)

The 1-year period of limitation pursuant to 2244 (d)(1)(A) has not been violated. The petitioner would first state that the legislative intent by Congress for the 1-year limitation was intended only for persons seeking to overturn their convictions. The petitioner is not seeking to overturn his conviction so the provisions would not apply. However the petitioner would state that even if that time period did apply the petitioner has still filed in time. From the Respondents own calculation the petitioner's sentence was corrected on April 18, 2007. That showed that the petitioner was under an unlawful sentence until the correction.

To calculate April 14, 2007 to March 12, 2008 it is within the one year time.

However the petitioner would submit that the time if it applies at all should run from the time of his exhaustion of state Remedies arising from the July 11, 2007 Parole hearing when the board voted in the majority to grant the petitioner parole. The petitioner exhausted his state Remedies when he wrote to the R.I Parole board chairwoman Lisa S. Holley in approximately December to February. The decision of the Parole board was to deny the petitioner's Request for early Release. The petitioner wrote a second letter which in detail explained the legal basis for his immediate Release which was denied dated March 20, 2008.

(2) The proper avenue open to the petitioner is a Habeas Corpus proceeding. Actions of Parole commission may be challenged only in Habeas Corpus proceeding initiated pursuant to §2241 in District in which individual is incarcerated Fernandez v. U.S. 941 F.2d 1488 (11th cir 1991)

The petitioner cannot look to the Rhode Island Courts for Relief because the Rhode Island Supreme Court has stated the decision of the paroleboard cannot be reviewed by the Superior Court. Superior Court lacked subject matter jurisdiction in a case which attempted to Review the parole board's decision in Releasing a prisoner. Pine v. Clark 636 A.2d 1319 (R.I 1994).

The State attempts to cite R.I.G.L 10-9.1-1 postconviction statute as a remedy. While ignoring what the R.I. Supreme Court has already decided concerning the matter.

The State has also cited DeCiantis v. State 666 A.2d 410 (R.I 1995) (Resolving an issue concerning parole). in an attempt to support its claim that Superior Court has subject matter jurisdiction.

However this is a total misconstrual of the issue. DeCiantis and other cases only Resolved an issue of parole eligibility. via the post conviction statute.

The petitioner would distinguish his case with the fact that it does not deal with his parole eligibility. The issue of the petitioner is his Release after already being seen by the parole board when he was eligible and recieving the grant of parole by the majority of the board.

This issue falls under the Pine v. Clark Ruling in that the Superior court has no jurisdiction.

However this Honorable court does have that jurisdiction, and has already Recognized a liberty interest which a prisoner has Petrarca v. State of RI (D. RI 1984) 583 F.Supp 297. And The U.S Supreme Court in Greenholtz 99 Sct at 2106.

(3) On the merits the State again misconstrues the issue. The petitioner Toro did not suggest that the parole board ordered him to be released immediately. The petitioner whole contention that the board as of yet hasn't released him. And that it is by an operation of the Law that requires Toro to be Released immediately from the time that he was voted by a majority of the board to be granted parole.

This is the plain meaning of R.I.G.L 13-8-9, 13-8-16. ,,, May by an affirmative vote of a majority of the members of the board issue to that prisoner a permit to be at liberty upon parole,,,, The permit shall entitle the prisoner to whom it is issued to be at liberty during the remainder of his or her term of sentence",,, 13-8-16 "(a) Every permit issued by the parole board under this chapter Shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he or she is under sentence to serve;,,

To further support the fact that the plain meaning of the statute and the legislative intent is to Release the prisoner once voted for in the affirmative for a permit for parole the petitioner cites R.I.G.L 13-8-18 Revocation of parole Hearing.

"If the board shall determine that the permit shall not be Revoked, then the board shall immediately order the prisoner to be set at liberty under the terms and conditions of his or her original permit"

The U.S. Supreme Court's Ruling applies. 99 S.Ct at 2106 "that the structure of the provision together with the use of the word "shall" binds the Board of Parole to Release an inmate".

The structure of the R.I. G.L in 13-8-9, 13-8-16 use the word Shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he or she is under sentence to serve.

It is a fact that Toro has been approved for parole by the R.I Parole Board. The Release date set is August 2010, contingent that Toro move to Florida via Interstate Parole Compact.

The petitioner can make the argument now because the Law along with this Courts Recognition of his Liberty Interest and the U.S. Supreme Court's decision in Greenholtz in effect states once there is an affirmative vote to grant parole the prisoner must be released if the the statute uses the word "shall" which R.I Statute does use. In fact the R.I Statute goes one step

further and states "shall entitle" which means has the right to be at liberty for the remainder of his sentence. That is from the time of approval. Even in the statute for Revocation 13-8-18 if the prisoners parole is not revoked "shall immediately order the prisoner to be set at liberty."

It is plain to see that by Law Toro should be released to his Liberty. However if the court believes that there is another way to read the Law, Then the petitioner asserts that the Rule of Lenity would apply and the statute be read in the petitioners favor.

Wherefore the petitioner prays that this Honorable Court deny the Respondent States motion to dismiss.

Dated 6-9-2008

Respectfully submitted,
Edson Toro

Verification

I Edson Toro do solemnly swear that the aforegoing is true under the penalty of perjury to the best of his ability. Edson Toro

Certification

I Edson Toro do hereby certify that I mailed a True Copy of Memorandum of Law to deny States Motion To Dismiss to Aaron L. Weisman at office of the Attorney General 150 South Main St on 6-9-2008 Edson Toro
Prov, RI 02903