**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Edson Toro,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-118S** |
| | : | |
| **Ashbell T. Wall, Director** | : | |
| **Of RI Department of Correction** | : | |
| **Respondent** | : | |

**<u>STATE OF RHODE ISLAND'S REPLY MEMORANDUM IN RESPONSE TO PETITIONER'S OBJECTION TO MOTION TO DISMISS</u>**

Petitioner has objected to the State's June 6, 2008 motion to dismiss his petition for writ of habeas corpus. He contends that, contrary to the State's contentions, his petition is not time barred, that he need *not* exhaust state remedies before having this Honorable Court pass on his substantive parole claim, and that the State's relevant parole provisions require his immediate parole release. (*Please see generally Memorandum in Support of Petitioner's Objection to the Respondent's Motion to Dismiss* at 1-6.)

Because the substance of Petitioner's instant habeas corpus contention involves the Rhode Island Parole Board's July 11, 2007 parole grant, the State of Rhode Island, upon consideration of 28 U.S.C. § 2244(d)(1)(D)(providing that the relevant 1-year limitation period applicable to persons in custody pursuant to state court judgments may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), would no longer press its previously articulated one-year statute of limitations contention.

PDF created with pdfFactory trial version www.pdffactory.com

The State would still, however, contend that Petitioner has failed to exhaust his state remedies, and that the substance of Petitioner's claim may be summarily disposed of.

Exhaustion

Petitioner appears to contend that he need not first bring ("exhaust") in state court the challenge he instantly brings in this Honorable Court because 1) a challenge to parole is a claim properly brought, not under § 2254 but, pursuant to § 2241, which contains no exhaustion requirement; and 2) Rhode Island state law is such that Petitioner cannot have adjudicated in state court the issue he instantly raises[1]. (***Memorandum in Support of Petitioner's Objection to the Respondent's Motion to Dismiss*** at 2-5.) Respectfully, neither of these claims have merit. Whether Petitioner is making his challenge to the actions or inactions of the state parole board pursuant to § 2254 ***or*** § 2241, he has an obligation to first exhaust his state court remedies. ***See*** Bancroft v. Massachusetts, 525 F.Supp.2d 237, 241 (D.Mass. 2007)("as with section 2254, exhaustion of state remedies is a requirement for section 2241 relief", ***citing*** Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-92 (1973) and Lyon v. Harkness, 151 F.2d 731, 732-33 (1st Cir. 1945)); Jackson v. Coalter, 2002 WL 1760879 (D.Mass.)(overruled on other grounds), at * 1 ("Unlike § 2254, § 2241 does not have an express exhaustion requirement. Nevertheless, the general rule requiring the exhaustion of state court remedies applies to all but the exceptional case. Federal courts should 'respect the authority and ability of state courts to protect constitutional rights in the first instance.' Benson v. Super. Ct. Dep't of Mass.,

---

[1] ***See*** 28 U.S.C. § 2254(b)(1)(B)(excusing exhaustion requirement where there is either "an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant").



PDF created with pdfFactory trial version www.pdffactory.com

663 F.2d 355, 358 (1st Cir. 1981).”); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)(“A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254. The exhaustion of state remedies includes both administrative and state court remedies.”); Massey v. Al St. Lawrence, 2008 WL 2513703 (S.D.Ga.), at * 1 (“While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions.”, citing, ***inter alia***, Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004), holding that “Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies”); Stephney v. Myers, 2008 WL 2076766 (D.S.C.) at *4 (“Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under section 2241, just as it is necessary under section 2254”, citing cases); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)(holding that since Petitioner was a person in custody pursuant to judgment of state court, 28 U.S.C. § 2254, his challenge to denial of parole release, styled a § 2241 action, should properly have been brought only under § 2254, which contains an explicit exhaustion requirement); Dill v. Holt, 371 F.3d 1301, 1302-03 (11th Cir. 2004)(state prisoner who had brought a § 2241 action to contest parole board’s revocation of parole, was “nevertheless subject to § 2254’s exhaustion requirement if he is ‘in custody pursuant to the judgment of a state court.’ And he is.”); Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004)(stating that “a prisoner claiming a right to ***release*** on parole must use § 2241 (or §2254 for a state prisoner)”)(emphasis in original); and Thomas v. Crosby, 371 F.3d 782, 785-86 (11th Cir. 2004)(Petitioner, who challenged state parole decision pursuant to § 2241, was



PDF created with pdfFactory trial version www.pdffactory.com

nonetheless subject to § 2254's exhaustion-of-state remedies requirements).[2] There is no merit, then, to Petitioner's suggestion that casting his petition as a § 2241 action relieves him of any exhaustion-of-state-remedies requirement.

Nor any more accurate is Petitioner's apparent assertion that, pursuant to Pine v. Clark, 636 A.2d 1319 (R.I. 1994), he "cannot look to the Rhode Island Courts for relief because the Rhode Island Supreme Court has stated [that] the decision of the parole board cannot be reviewed by the Superior Court" (*Memorandum in Support of Petitioner's Objection to the Respondent's Motion to Dismiss* at 2). All the Rhode Island Supreme Court had, in most relevant part, held in Clark was that the *Attorney General* could not seek review under the *Administrative Procedures Act* (APA) of the Parole Board's decision that a prisoner be released on parole. Clark, 636 A.2d at 1324-25. The State is unaware of any Rhode Island State authority which would preclude an inmate of the Adult Correctional Institutions from challenging what the inmate claims is a constitutionally impermissible decision of the parole board. Indeed, as the State had indicated in its earlier filed *Memorandum in Support of its Motion to Dismiss*, Rhode Island's post-conviction relief act would appear to be broad enough to embrace a parole-based challenge (*see* R.I.G.L. § 10-9.1-1(a)(5)("Any person who has been convicted of, or sentenced for, a crime *** and who claims ***[t]hat his or her *** parole [has been] *** unlawfully revoked, or he or she is otherwise unlawfully held in custody or other

---

[2] Petitioner's *Memorandum in Support of Petitioner's Objection to the Respondent's Motion to Dismiss* at 2, appears to contend that Fernandez v. United States, 941 F.2d 1488 (11th Cir. 1991), stands for the proposition that a state court petitioner challenging the actions of a parole commission must initiate an action pursuant to § 2241. Fernandez, however, dealt not with a prisoner incarcerated pursuant to a state court judgment of conviction, but rather pursuant to a *federal* judgment of conviction, and thus has no relevancy to the issue at hand.



PDF created with pdfFactory trial version www.pdffactory.com

restraint *** may institute, without a paying a filing fee, a proceeding under this chapter to secure relief.”)). There would, then, appear to be no substance to Petitioner’s apparent claim that he has no option but to raise the substantive issue he does in this Court. His Petition, then, should be dismissed on the ground that he has failed to exhaust his state remedies.

The Merits

With respect to the substance of Petitioner’s contention – his apparent belief that though the Parole Board voted to parole Mr. Toro in August of 2010 to a “Florida Plan” and “contingent upon [his] acceptance through the Interstate Compact” (relevant parole board minutes), he is nevertheless entitled to immediate release (*Memorandum in Support of Petitioner’s Objection to the Respondent’s Motion to Dismiss* at 5) – the State would reiterate its view that such contention appears to be utterly lacking in merit. R.I.G.L. § 13-8-9 specifically provides that:

> The parole board, in the case of any prisoner whose sentence is subject to its control, unless that prisoner is sentenced to imprisonment for life, and unless that prisoner is confined as a habitual criminal under the provisions of § 12-19-21, may, by an affirmative vote of a majority of the members of the board, issue to that prisoner a permit to be at liberty upon parole, whenever that prisoner has served not less than one-third (1/3) of the term for which he or she was sentenced. The permit shall entitle the prisoner to whom it is issued to be at liberty during the remainder of his or her term of sentence *upon any terms and conditions that the board may prescribe.*

(R.I.G.L. § 13-8-9)(emphasis added).

Similarly, R.I.G.L. § 13-8-16(a) provides:

> Every permit issued by the parole board under this chapter shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he or she is under sentence to serve, *upon any terms and conditions that the board may see fit in*



PDF created with pdfFactory trial version www.pdffactory.com

> *its discretion to prescribe*, and the acceptance of the permit by the prisoner shall constitute an agreement on the part of the prisoner to abide by and conform to those terms and conditions.

(R.I.G.L. § 13-8-16(a))(emphasis added).

As a consequence, the Parole Board is of course lawfully authorized to, and may, prescribe the terms and conditions under which to grant an inmate a parole permit. Petitioner's habeas corpus action may, then, summarily be disposed of even on the merits.

For these reasons, Respondents would respectfully press its motion to have dismissed the above-captioned petition for writ of habeas corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Aaron L. Weisman**

**Aaron L. Weisman, # 4438**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on June 30, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to the following by first-class mail on the same date:

Edson Toro, Pro Se
Post Office Box 8274
Cranston, R.I. 02920.



PDF created with pdfFactory trial version www.pdffactory.com