UNITED STATES DISTRICT COURT
FOR THE DISTRICT of RHODE ISLAND

Edson Toro petitioner
vs
Ashbel T. Wall, etal
Director of D.O.C. Respondent

CA No 08-118S

Petitioner's supplemental Memorandum and objection To THE STATES MOTION TO DISMISS

Now comes the petitioner Edson Toro pro se and submits this supplemental objection and memorandum of Law. pursuant to the Federal Rules of civil procedure and states herein as follows;

1) The state has conceded that the 1 year statute of limitations does not apply in the petitioners case. The parties are in agreement.

2) The state in its exhaustion claim for dismissal is fully aware of the exception to 28 U.S.C § 2254 (b)(1)(B) excusing exhaustion Requirement where there is either "an absence of an available STATE corrective process" (2) circumstances exist that render such a process ineffective to protect the rights of the Applicant.

The petitioner cites section (2) of this provision in support of his Habeas petitions.

The petitioner also asserts that in Pine v. CLARK the Rhode Island SUPREME COURT on the issue of

of Reviewing a parole boards decision in Releasing an prisoner that the Superior Court lacked subject matter jurisdiction. The state would attempt to blur the issue citing that it was done under the Administrative procedures Act. However the fundamental issue here is the same whether under the A.P.A or the post conviction statute. The issue is Reviewing the parole boards decision in Releasing an inmate or prisoner:

The state cites numerous cases in support of the exhaustion of state Remedies first prior to Recourse to the Federal court. The petitioner would aver that he has exhausted his state Remedies when he submitted a written letter to the R.I parole board chairwoman Lisa S. Holley will full legal arguments stating why he should be released immediately. The Response was a denial < see accompanying exhibit letter from parole board>.

The state cites the relevance of Benson v. Super. Ct Dept of Mass 663 F.2d 355, 358 (1st cir 1981) And Hamm v. Saffle 300 F.3d 1213, 1216 (10cir 2002) " a Habeas petitioner is generally Required to exhaust state Remedies whether his action is brought under §2241 or §2254 The exhaustion of state Remedies includes both administrative and state court Remedies"

The petitioner has already exhausted his state Remedies by Apprising the R.I State parole board of the legal issue. The opportunity for corrective Action was there. No action was taken to comply with the Law AND the U.S. Supreme Courts Ruling in Greenholtz v. Inmates of the Nebraska Penal AND correctional complex 442 U.S. 1, 99 SCt 2100 (1979).

In citing the R.I.G.L §10-9.1-1(a)(5) as a state Remedy as previously stated doesn't Apply due to the R.I. Supreme courts opinion in Pine v. Clark 636 A.2d 1319 (R.I 1994) In Addition the petitioner would state that said provision deals with persons claiming that parole has been unlawfully Revoked. That is not the petitioner's contention. The petitioner seeks to have the supreme law of the Land enforced And for his Right to be at liberty for the Remainder of his sentence to be enforced R.I. G.L 13-8-9, 13-8-16.

The section of the post conviction statute which the stated cited "or he or she is otherwise unlawfully held in custody or other Restraint" does not Apply to parole. It is a Avenue which replaces the writ of Habeas Corpus ad subjiciendum in the previous chapter of R.I.G.L preceding the post conviction statute.

In Researching the cases which have been brought dealing with parole Not one of them dealt with the decision of Release of a prisoner. That is to say a decision already made in the affirmative.

They all dealt with eligibility for parole Leaner v. Gil 463 A2d 135, Bishop v State and or Revocation. The only case which deals with the issue is Pine v. CLARK. Regardless of the fact that it was the Attorney General seeking to review the parole boards decision in Releasing an prisoner or if the prisoner sought to Review it. The Supreme court of Rhode Island's decision should be taken at face value to be the same. The superior court has no subject matter jurisdiction, in Reviewing the parole boards decision to Release a prisoner on parole.

3) On the merits the State seeks to have the petitioners Habeas Corpus motion dismissed. The State in citing 13-8-9 and 13-8-16(a) of R.I.G.L. ignores the relevant Aspect of the Statute dealing with the granting of parole permit by a majority vote "Shall entitle the prisoner to whom it is issued to be at liberty during the remainder of his or her term of sentence" The State totally ignores the fact that the parole board is obligated then by Law to Release the prisoner immediately

The Greenholtz Ruling by the U.S. Supreme court Applies as well as The RHODE ISLAND DISTRICT COURT'S decision in Petrarca v. State of RI (D.RI 1984) 583 F. Supp 297 which applied the Supreme courts Ruling "that the structure of the provision together with the use of the word "Shall" binds to board of parole to Release an inmate" The remainder of of his or her term of sentence read with the preceding "SHALL entitle" to be at liberty" (Freedom) Nullifies the State's Attempt to Read the last portion "upon Any terms and conditions that the board may prescribe" or "upon any terms and conditions that the board may see fit in its discretion to prescribe",,,.

There is a difference between the Mandatory aspects of the relevant statutes 13-8-9 AND 13-8-16(a) which uses the words 'Shall entitle', And the discretionary aspects which uses the word 'may'. The discretionary aspect which the state cites in trying to support its position of the Parole Release date has nothing to do with the release date. The Release which is supposed to be immediate by Any reading of the Statute falls under the mandatory language which uses the words Shall entitle to be at liberty during the remainder of his or her term of sentence,

The discretionary aspect of the parole boards authority cannot supercede, circumvent, or contradict the mandatory language of the statute. The petitioner does concede that a stipulation of parole which has been accepted by him is that he must leave Rhode Island. That aspect possibly could fall under the discretionary aspect of the statute. However as this court may well be aware by looking to the Federal statute of the parole terms and conditions historically that is an entirely different subject matter. In fact terms or conditions would deal with drug testing, or programs etc. Not with the release date. In fact the petitioner has requested a copy of his terms and conditions from the R.I. parole Dept parole co-ordinator. The parole co-ordinator Kim Avedision has stated that the state of Florida will set my conditions for parole. see exhibit 2 letter from parole co-ordinator) Therefore the state's argument that "as a consequence, the parole board is of course lawfully authorized to and may prescribe the terms and conditions under which to grant an inmate a parole permit" is without foundation and based on a false premise. As stated before their ie parole Boards discretionary authority cannot go beyond the mandatory aspect of the statute. And even that discretionary authority in setting terms or conditions of

has nothing to do with [illegible] releasing a prisoner to his liberty from prison. That would be a contradiction in Reading the statute that way an oxymoron in of itself. By its very nature the word paroled means to be released from prison. To try and Read the parole statute any other way when there already is a constitutionally recognized liberty interest attached is a corruption of the statute itself.

The petitioner would aver that even if by some leap of faith there could be made another reading, which there cant. But if for the sake of Argument the Statute is Ambiguous. Then the Rule of Lenity would apply in being consistent with the canons of Statutory Constructions, on a Federal level of consideration. The constitution grants judges the power to decide constitutionality on the basis of their own concepts of fairness, justice or Anglo-American legal heritage. Buttressing this issue in United States v. R.L.C., U.S. 112 S ct 1329 (1992) the U.S Supreme court discussed at length a similar doctrine of statutory construction. "The general rule of Lenity rooted in the instinctive distaste against men languishing in prison unless the lawmakers has clearly said they should" quoting U.S. v. Bass 404, 336, 347, 92 Sct 515, 522-23 (1971) If the statute is silent or ambiguous with respect to the specific issue, the question for the

Courts [illegible] whether the agencies answer is based on a permissable construction of the statute: Chevron U.S.A Inc v. Natural Resources Defense Council Inc 467 U.S 837, 843 (1984) "It is inconsistent with the Rule of Lenity to construe a textually ambigous penal statute against a criminal defendant on the basis of legislative history. Once it is determined that the statutory text is ambigous the Rule requires that the more lenient interpretation prevail: U.S. v. R.L.C 112 S.ct 1329 (1992) Id at 1332, U.S v. Borowski 977 F.2d 27 (1st cir 1992) U.S. v. Granderson 114 S.ct 1259 (1994). If R.I.G.L 13-8-9, 13-8-16(A) can be looked at with an ambigous view such as the state Reaches for. Then when a penal statute is ambigous the canons of statutory construction applies. This means that the parole statute must be read in the way most lenient to the petitioner and his liberty. Statutory ambiguity is the 'touchstone' for the rule of Lenity U.S v. Moskal 111 S.Ct 461 (1990) Id at 465.

The petitioner avers that there is only one way to Read the statute and that is that once there is an affirmative vote by a majority of the parole board to grant a parole permit. Then the prisoner must be immediately Released. In the petitioner's case that release would be out of state to Florida. The petitioner qualifies under the Interstate Compact

R.I.G.L. 42-56-2 (2) The prisoner is in fact a resident of or has his or her family residing within the recieving state and can obtain employment there.

Wherefore for all of the aforegoing legal arguments the petitioner Respectfully Requests that the States motion to dismiss be denied and the petitioners Habeas Corpus petition proceed and Injunction be granted. The petitioner avers that this is a matter of the utmost importance concerning the freedom of an American citizen of the UNITED STATES of America. That the matter be speedily adjudicated.

DATED 7-3-2008 Respectfully submitted,
Edson Toro

Verification

I Edson Toro do hereby verify that the aforegoing is true and correct to the best of his ability so help me ALMIGHTY GOD.
Edson Toro

Certification

I Edson Toro do hereby certify that I mailed a true copy of said supplemental memorandum of Law of his objection to States motion to Dismiss by prepaid U.S postage 1st class into the A.C.I prison mail box on 7-3-2008 to Aaron L. Weisman Assistant Attorney General at 150 South Main St, Prov, R.I. 02903

Respectfully
Edson Toro