**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Edson Toro,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-118S** |
| | : | |
| **Ashbell T. Wall, Director** | : | |
| **Of RI Department of Correction** | : | |
| **Respondent** | : | |

**RESPONDENT'S/STATE OF RHODE ISLAND'S OBJECTION TO PETITIONER'S *MOTION FOR EVIDENTIARY HEARING***

Now comes the Respondent/State of Rhode Island in the above-captioned matter and, for the reasons expressed in the accompanying memorandum, objects to Petitioner's *Motion for Evidentiary Hearing.*

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Aaron L. Weisman**

**Aaron L. Weisman, # 4438**
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on August 27, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to the following by first-class mail on the same date:

Edson Toro, Pro Se
Post Office Box 8274
Cranston, R.I. 02920.

/s/ Aaron L. Weisman



PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Edson Toro,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-118S** |
| | : | |
| **Ashbell T. Wall, Director** | : | |
| **Of RI Department of Correction** | : | |
| **Respondent** | : | |

**RESPONDENT'S/STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO PETITIONER'S *MOTION FOR EVIDENTIARY HEARING***

In connection with the above-captioned matter, Petitioner has requested an "evidentiary hearing". (*Petitioner's Motion for Evidentiary Hearing* at 1.) No stated reason is given. (*Id.*) Rule 8(a) of the Rules Governing Section 2254 cases, however, would seem to indicate that a magistrate judge's decision whether to hold a hearing in Section 2254 cases is made only after the determination whether the Section 2254 case ought to be dismissed. (Rule 8(a)("*If the Petition is not dismissed*, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.")(emphasis added).) Since the Respondent/State of Rhode Island in this matter has filed a motion to dismiss Toro's 28 U.S.C. § 2254 action, any determination as to whether an evidentiary hearing is warranted in the above-captioned matter is premature.

In any event, for the reasons expressed in the Respondent's/State of Rhode Island's Memorandum in Support of its Motion to Dismiss, an evidentiary hearing is

PDF created with pdfFactory trial version www.pdffactory.com

plainly not warranted: Petitioner has failed to exhaust his state remedies, and there is no merit to the substance of his 28 U.S.C. § 2254 claim.

Wherefore, the Respondent/State of Rhode Island respectfully objects to Petitioner's motion for an evidentiary hearing.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Aaron L. Weisman**

**Aaron L. Weisman, # 4438**
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on August 27, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to the following by first-class mail on the same date:

Edson Toro, Pro Se
Post Office Box 8274
Cranston, R.I. 02920.

/s/ Aaron L. Weisman



PDF created with pdfFactory trial version www.pdffactory.com