UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDSON TORO :
:
v. : C.A. No. 08-118S
:
ASHBEL T. WALL. :

**MEMORANDUM AND ORDER**

Before this Court is Petitioner's pro se Motion for Appointment of Counsel. (Document No. 16). The Motion for Appointment of Counsel has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, Petitioner's Motion for Appointment of Counsel is DENIED.

There is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of Plaintiff to prosecute it. Id.; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). This analysis also applies to persons such as Plaintiff seeking habeas corpus relief, Reese v. Fulcomer, 946 F.2d 247, 264 (3rd Cir. 1991), cert. denied, 503 U.S. 988 (1992) (no evidentiary hearing).

From a review of the documents filed in this case to the present time, the Court finds that Petitioner has the capacity to prosecute the claim, and that Petitioner has a basic understanding of the legal procedures to be followed. If an evidentiary hearing is scheduled in this case, Petitioner may refile his Motion for Appointment of Counsel and the Court will reconsider the request. See Rule 8(c), Federal Rules Governing Section 2254 Cases. Thus, the Court determines that Petitioner

does not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute this action by himself.

IT IS THEREFORE ORDERED, that Petitioner's Motion for Appointment of Counsel (Document No. 16) is DENIED without prejudice.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 9, 2008