UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDSON TORO | : | |
| | : | |
| v. | : | C.A. No. 08-118S |
| | : | |
| ASHBEL T. WALL and | : | |
| STATE OF RHODE ISLAND | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's Motion to Dismiss the Petition for Writ of Habeas Corpus filed by Edson Toro ("Petitioner"). (Document No. 6). The State seeks dismissal of the Petition asserting that it is time-barred under 28 U.S.C. § 2244, the applicable statute of limitations. The State also claims Petitioner has failed to exhaust his remedies at the state level. Finally, the State contends that, in any event, the Petition could and should be denied on the merits. This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the memorandum submitted by the State and performing independent research, I recommend that the Motion to Dismiss be GRANTED and that the Petition be DISMISSED WITH PREJUDICE.

**Facts and Travel**

On November 7, 2005, Petitioner pled nolo contendere to an amended charge of second degree murder. See Document No. 6 at 3. At his sentencing, Petitioner received a sentence of fifty years' incarceration at the Adult Correctional Institutions, the first twenty-eight of those to serve, the balance suspended for a twenty-two year suspended/probationary period. See id. Following his

sentencing, Petitioner sought appellate relief and filed a Motion for Stay of Judgment and a Motion to Reduce Sentence, both of which were denied by the Superior Court. See id. Subsequently, Petitioner filed a Motion to Correct Sentence which was granted by the Superior Court on April 19, 2007. See id. On July 11, 2007, the Parole Board voted to parole Petitioner in August of 2010 pursuant to a "Florida Plan" and contingent upon his acceptance through the Interstate Compact for Adult Offender Supervision (R.I. Gen. Laws § 13-9.1-1, et seq.) See Document No. 6 at 5.

Petitioner filed the present habeas corpus action on March 31, 2008, claiming three grounds for relief: (1) that his incarceration violates his liberty interest guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution; (2) that his incarceration violates his due process rights guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution; and (3) that his incarceration violates his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution. See Document No. 1 at 5-9. On May 27, 2008, District Judge William E. Smith Ordered the State to submit a response to the Petition, and the State filed its Motion to Dismiss and supporting Memorandum on June 4, 2008. See Document No. 6 at 1-2. In its Motion, the State claims that the Petition is barred by the statute of limitations contained in 28 U.S.C. § 2244, that Petitioner failed to exhaust his remedies at the state level, and that, in any event, the Petition should be denied on the merits. See Document No. 6 at 3-5. Petitioner filed an Objection to the State's Motion to Dismiss on June 17, 2008. See Document No. 9. In Petitioner's Objection, he claims that the one-year period of limitation pursuant to 28 U.S.C. § 2244(d)(1)(A) has not been violated, that he need not exhaust state remedies before having this Court rule on substantive parole claims, and that the State's relevant parole statutes require his immediate release from incarceration. See id. The State filed a Reply Memorandum in response

to Petitioner's Objection to the Motion to Dismiss on June 30, 2008. See Document No. 10. The State agreed that the one-year period of limitation pursuant to 28 U.S.C. § 2244(d)(1)(A) was not violated but maintained that the Petitioner must first exhaust state remedies before bringing this action and that, even on its merits, this case should be dismissed. See Document No. 10 at 1-6.

**Discussion**

**I. Standard of Review**

Prior to filing a petition pursuant to 28 U.S.C. § 2254, a petitioner must meet certain statutory prerequisites. In the present case, the State claims that Petitioner did not meet two requirements: First, the State claims that the Petition is untimely under the applicable statute of limitations; and second, the State claims the Petitioner failed to exhaust his remedies at the state level with respect to certain claims for relief contained in his Petition.

**A. Statute of Limitations**

In its Reply Memorandum, the State abandoned its claim that the statute of limitations was violated. (Document No. 10). After a thorough review of the statue and pertinent cases, the Court concludes that the one-year statute of limitations did not expire prior to Petitioner's filing this action in Federal Court. Therefore, the statute of limitations does not foreclose Petitioner's opportunity to seek relief under § 2254.

**B. Exhaustion of State Remedies**

The second issue is the Petitioner's requirement to exhaust his State Court remedies before seeking federal relief. Petitioner filed his Petition pursuant to 28 U.S.C. § 2254, but argues in his subsequent filing with the Court that 28 U.S.C. §2241 governs his request to be released from confinement. Although §2241 does not contain an express exhaustion requirement, Petitioner is still

required to exhaust his State Court remedies unless he presents this Court with extraordinary circumstances. Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358 (1st Cir. 1981) ("Section 2241...has been interpreted to allow a court to grant a writ before a defendant has exhausted his claim at trial, but only in unusual circumstances.") (emphasis added). See also Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 489-492 (1973). Petitioner has not exhausted all of his state remedies. He also has not presented unusual or compelling circumstances for his failure to exhaust his State Court remedies. Accordingly, Petitioner was required to exhaust his state remedies before filing this habeas petition.

Petitioner's second contention that the Rhode Island State Court did not have jurisdiction over the substantive issue in this case is also without merit. Rhode Island's post-conviction relief act allows parole-based challenges to be brought in the Rhode Island State Courts. R.I. Gen. Laws § 10-9.1-1(a)(5). See also State v. Ouimette, 367 A.2d 704 (R.I. 1976). Accordingly, Petitioner's failure to exhaust his State Court remedies is fatal to his present Petition.

**II. Petitioner's Substantive Grounds for Relief**

Petitioner claims that his liberty, due process rights and right to be free from cruel and unusual punishment have been violated. His contention is that the State's parole statutes require immediate release from incarceration despite any terms or conditions that might be placed on the granting of parole. Therefore, even though Petitioner's parole was granted for a release in August 2010 with specific conditions placed on it, Petitioner believes he should be immediately released from incarceration. Petitioner's contentions are without merit. R.I. Gen. Laws § 13-8-9 and § 13-8-16(a) specifically allow the Parole Board discretion to grant parole with any terms and conditions that the Parole Board may prescribe. See R.I. Gen. Laws § 13-8-9 ("[t]he permit shall entitle the prisoner to

whom it is issued to be at liberty during the remainder of his or her term of sentence upon any terms and conditions that the board may prescribe"). See also R.I. Gen. Laws § 13-8-16(a) ("[e]very permit issued by the parole board under this chapter shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he or she is under sentence to serve, upon any terms and conditions that the board may see fit in its discretion to prescribe...."). In fact, the Parole Board had the discretion to deny Defendant's request for parole. It did not. It granted parole to Defendant but prospectively to a future date, presumably in part, to give him the lead time to apply for and gain acceptance in the "Interstate Compact" system. Thus, not until August 2010, at the earliest, then, could Petitioner even potentially claim that he is entitled to immediate release from incarceration. The present Petition is therefore premature and legally defective.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 6) be GRANTED, and that the Petition be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 9, 2008